UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
October 25, 2018
David J. Bradley, Clerk

United States of America, §
§
  Plaintiff, §
§
versus § Criminal H-16-215-1
§
Eric Beverly, §
§
  Defendant. §

## Opinion on Suppression

1.  *Background.*

In the spring of 2015, surveillance cameras recorded a group of masked men robbing banks and fleeing in a car. On April 15th, one man left a palm print on a door during the robbery. Identified by the print, Jeremy Davis was arrested for robbing a series of banks. He confessed. Davis named several others with whom he had robbed the banks. One of them was Eric Beverly.

On July 8, 2015, from a magistrate judge, the government obtained an order allowing it to subpoena the cell-site location data of telephones that it thought belonged to Beverly under § 2703(d) of the Stored Communications Act.[1] Those data are: (a) which towers the telephones pinged and (b) when. On June 22, 2018, the Supreme Court decided that that statute was unconstitutional.[2] It held that the government had to get a warrant if it wanted cell-tower data.[3] Because this case is pending and not yet final, the new insight applies.

---

[1] 18 U.S.C. § 2703(d).

[2] *Carpenter v. United States*, 138 S. Ct. 2206 (2018).

[3] *Id.*; *see also In re: Applications of the United States of America for Historical Cell Site Data*, No. 11-223 (S.D. Tex., November 11, 2011) (Hughes, J.), ECF No. 3.

2.  *Warrant.*

The day of that decision – three years after the government had seized the data – the government obtained a warrant for cell-tower data it already had. T-Mobile still has its copy of the data. The government still had its copy. Re-seizing data from a fully cooperative, third-party witness is a negation of the warrant requirement. Every time a motion to suppress is filed, the prosecutors would get the agency a search warrant, and that would cure the lapse. The Constitution requires actual protection, not cosmetic masks.

The application for the order under § 2703(d) asks for cell-tower records from 2015 – January 24th through May 5th. The application for the warrant asks for those cell-tower records and those from five earlier months too – August 25, 2014, through May 2, 2015. The late warrant does not save even the added months because its justification cannot be separated from the existing knowledge from the original acquisition.

The warrant from June of 2018 was not served, and the return has no description of the obtained records except "phone records." The return gives the date of the warrant's execution, but does not say where or on whom it was served. These irregularities illustrate that the whole business was feigned. The warrant and the information derived from it will be suppressed.

3.  *Exclusion.*

Evidence obtained illegally must be excluded. An exception to this rule allows the evidence when an officer makes a modest mistake honestly. In this case, the government did nothing honestly and the scope of the intrusion was anything but modest. Although the law did change, they defeated any claim of good faith by meretriciously applying for a search warrant after they had already obtained the evidence. The evidence is tainted by their attempt to evade the law.

While the exception to the exclusionary rule could apply to this information, no exigency exists here. The cell-site location data and all of the evidence obtained through the use of that data will be suppressed.

The good-faith exception to the exclusionary rule allows a court to admit evidence obtained in compliance with a law later ruled unconstitutional, as occurred

here. But to apply the good-faith exception here would render the Fourth Amendment empty. Arbitrary searches authorized by this statute are one of the things the Fourth Amendment expressly and precisely forbids.[4] Use of the good-faith exception would mean, in essence, that a statute found unconstitutional still applies in every pending case except the one that happened to announce the new rule.[5]

4.  *Conclusion.*

Beverly's phone records were subjected to two searches. The first was authorized by a constitutionally infirm statute that did not require a warrant, and the second was through a warrant for information the government had already seized. Both searches are invalid. The warrant, order, searches, seizures, and uses are void. The cell-site location data and all evidence that has been derived from them will be suppressed as infected by the same virus.

Signed on October 25, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[4] *See Illinois v. Krull,* 480 U.S. 340, 364-65 (1987) (O'Connor, J., dissenting); 1 WAYNE LAFAVE, SEARCH AND SEIZURE §1.3(h) (5th ed. 2012).

[5] *Davis v. United States,* 564 U.S. 229, 254-55 (2011) (Breyer, J., dissenting).